UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00079 HBB

**FLOYD VINES**                                                                                              **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting
Commissioner of Social Security**                                                      **DEFENDANT**

## MEMORANDUM OPINION
## AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Floyd Vines ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 16) and Defendant (DN 22) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12). By Order entered January 12, 2016 (DN 13), the parties were notified that oral arguments would not be held unless a written request was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance and Supplemental Security Income Benefits on December 5, 2012 (Tr. 182, 184). Plaintiff alleged that he became disabled on August 29, 2009, as a result of deteriorating arthritis, sleep apnea, rotator cuff problems, back problems, liver problems, vision problems, depression, and high blood pressure (Tr. 122). Administrative Law Judge Ronald M. Kayser ("ALJ") conducted a hearing on January 23, 2014 in Campbellsville, Kentucky. Plaintiff was present and represented by M. Gail Wilson, Esq. Also present and testifying was William R. Harpool, an impartial vocational expert.

In a decision dated February 21, 2014, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 11-28). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 29, 2009, the alleged onset date (Tr. 16). At the second step, the ALJ determined that Plaintiff's degenerative disc disease of the lumbar and cervical spine, degenerative changes in the shoulders, and morbid obesity are "severe" impairments within the meaning of the regulations (Id.). Additionally, the ALJ determined that Plaintiff's depression is a "non-severe" impairment within the meaning of the regulations (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 18).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform medium work with certain limitations (Tr. 19-20). More specifically, the ALJ found that Plaintiff can only occasionally lift fifty pounds, can lift twenty-five pounds more frequently, can stand and walk six hours in an eight hour workday, sit six hours in an eight hour workday, and

2

would have no limitations on pushing or pulling (Id.). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is able to perform his past relevant work as a store laborer and as an industrial truck operator both as actually and generally performed (Tr. 24). Because he found Plaintiff was capable of performing past relevant work both as actually and generally performed, the ALJ did not proceed to the fifth step and concluded that Plaintiff had not been under a disability during the relevant period (Tr. 24).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 10). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383,

387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 24). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will review the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

### The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

4

    1)      Is the claimant engaged in substantial gainful activity?

    2)      Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

    3)      Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

    4)      Does the claimant have the residual functional capacity to return to his or her past relevant work?

    5)      Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step. Specifically, the ALJ found that Plaintiff is capable of performing his past relevant work as a store laborer and an industrial truck operator (Tr. 24).

The Plaintiff challenges the Commissioner at Findings Nos. 5, 6, and 7 (DN 16 at p. 3). The Plaintiff first argues that the ALJ improperly applied the treating source rule by not affording substantial weight to the opinions of Ashley Hart, APRN ("Nurse Hart") (Id.). In support of this argument, Plaintiff claims that the ALJ failed to articulate sufficiently his reasons for discounting Nurse Hart's medical source statement (DN 16 at p. 3, Tr. 300-04).

In general, an Administrative Law Judge must give a medical source controlling weight if two conditions are satisfied. First, the opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and second, the opinion must not be inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(c)(2) 416.927(c)(2).

The Commissioner must provide good reasons for discounting the weight given a treating source. Gayheart v. Comm'r of Soc. Sec, 710 F.3d 365, 375 (6th Cir. 2013). "This procedural requirement insures 'that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'" Id. at 376.

Here, the ALJ's decision reflects a full consideration of Nurse Hart's treatment notes as well as her medical source statement. For instance, the ALJ discussed Plaintiff's treatment history, including his initial complaint of neck and back pain (Tr. 21), Nurse Hart's observation of Plaintiff's restricted range of motion with back movements and pain with flexion (Id.), and Nurse Hart's treatment of Plaintiff's pain with Lortab (Id.). The ALJ further noted that, while Nurse Hart refilled Plaintiff's pain medication in August, September, October, and November of 2013, she did not note any changes in Plaintiff's condition nor did she advise that Plaintiff should pursue more aggressive treatment options (Id.).

Additionally, the ALJ evaluated Nurse Hart's medical source statement and gave it little weight (Tr. 23). The ALJ noted that the Plaintiff was present while Nurse Hart was filling out the questionnaire and that the Plaintiff admitted to answering the questions for her (Id.). The ALJ concluded that these facts reduced what credibility the statement might have had to begin with, and further concluded that the serious restrictions noted in the questionnaire do not reflect Nurse Hart's very conservative course of treatment but are rather an expression of Plaintiff's subjective opinion of his limitations (Id.).

The ALJ therefore appropriately considered Nurse Hart's opinion and properly afforded it little weight. The undersigned concludes that the ALJ's decision is supported by substantial evidence and fully comports with applicable law.

The undersigned also notes that, while the ALJ's treatment of Nurse Hart's opinion would satisfy the treating source rule, because Nurse Hart is a nurse practitioner, the strictures of that rule do not actually apply to her. Indeed, nurse practitioners are not considered an acceptable medical source under the regulations. 20 C.F.R. §§ 404.1513(a), 416.913(a). Instead, nurse practitioners are one of several types of "medical sources" that are classified as "other sources" evidence. 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). Applying the applicable law to the evidence in the record, the treating source rule does not apply to Nurse Hart because she is a nurse practitioner. 20 C.F.R. §§ 404.1502, 404.1513(a) and (d), 404.1527(c), 416.902, 416.913(a) and (d), 416.927(c).

Plaintiff next argues that the ALJ did not consider favorable evidence located in a report from Dr. William Brooks (DN 16 at p. 5). Plaintiff's argument suffers from a number of serious errors. First, Plaintiff claims the ALJ did not consider a report from Dr. Brooks that "was attached with the medical source statement of Ashley Hart and was relied upon by her" (Id.). This cannot be true. Nurse Hart prepared her medical source statement on January 13, 2014 (Tr. 300-04). At the administrative hearing ten days later on January 23, 2014, Plaintiff specifically stated that he had not yet seen Dr. Brooks but had an appointment later in the month (Tr. 64). It would therefore be impossible for Nurse Hart to have relied upon anything that Dr. Brooks found.

Dr. Brooks's findings postdate both the hearing and the ALJ's decision. Plaintiff requested that the Appeals Council consider the evidence, and the Appeals Council concluded that the new information did not provide a basis for overturning the ALJ's findings (Tr. 2).

When the Appeals Council considers new evidence, but declines review, the district court cannot consider the new evidence in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993). This approach makes sense because the Court is reviewing the decision of the ALJ, not the Appeals Council. See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline, 96 F.3d at 148; Cotton, 2 F.3d at 695-696.

The Court can, however, remand the case for further administrative proceedings in light of this new evidence, if plaintiff demonstrates it is material and that there is good cause for failing to present it to the ALJ. Cline, 96 F.3d at 148; Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174-175 (6th Cir. 1994). In the instant case, however, Plaintiff has failed to provide either materiality or cause. Rather, it appears as though Plaintiff hoped to shoehorn the supplemental evidence into the existing record and effectively bypass the appropriate procedures for seeking a sentence six remand. Regardless, the undersigned concludes that the new evidence is neither material nor is there good cause for its admission.

## ORDER

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is ordered that judgment be granted for the Commissioner.

Copies:	Counsel